**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DINA POSTA AND RYAN POSTA,** | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| **YOTTA TECHNOLOGIES, INC.,** | ) ) ) |
| Defendant. | ) ) |

Case No. 1:25-cv-4750

**COMPLAINT**

NOW COME the plaintiffs, DINA POSTA and RYAN POSTA, by and through their attorneys, SMITHMARCO, P.C., and for their complaint against the Defendant, YOTTA TECHNOLOGIES, INC., Plaintiffs state as follows:

**I.  PRELIMINARY STATEMENT**

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq. and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

**II.  JURISDICTION & VENUE**

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**III.  PARTIES**

4. DINA POSTA AND RYAN POSTA, (hereinafter, "Plaintiffs") are individuals who was at all relevant times residing in the City of Itasca, County of DuPage, State of Illinois.

5. At all relevant times, Plaintiffs were each a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiffs had asset accounts in their name with Defendant. Dina's YOTTA Account and Ryan's YOTTA Account (hereinafter may be referred to collectively as, "Plaintiffs' YOTTA Accounts")

7. At all relevant times, Plaintiffs' YOTTA Accounts were established to hold funds used primarily for Plaintiffs' personal use and/or household expenditures.

8. At all relevant times, Plaintiffs' YOTTA Accounts were each an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. YOTTA TECHNOLOGIES, INC., (hereinafter, "Defendant") is a business entity that conducts business within the State of Illinois. Defendant's principal place of business is located in the State of California.

10. At all relevant times, Defendant was a financial institution that held Plaintiffs' YOTTA Accounts.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

## IV. GENERAL ALLEGATIONS

13. Defendant is an on-line and mobile application platform which offers users with an account to store funds on a debit card, and use shopping as a means to win points and/or chances to win awards with purchases. Some of the interest payments are distributed to customers as prizes.

14. Defendant provides its customers with easy access to their money and bank accounts, provides monthly bank statements which reflect all account activities on customer accounts, and provides banking customer service for its users.

15. Defendant's website states, "Yotta is a financial technology company, not a bank. Banking services provided by Evolve Bank & Trust, members FDIC and Synapse Brokerage LLC Program Banks."

16. As a fintech company Defendant provides its customers with immediate and inexpensive access to their funds. While Defendant utilizes the tools provided by Synapse, Defendant served as the means for customers like Plaintiffs to deposit, save, or utilize their funds for personal, family, or household purposes.

17. Synapse Brokerage, LLC (hereinafter "Synapse") was a company that provided the technical platform services to fintech companies, such as Defendant, so that the fintech companies are able to provide banking services to customers. Synapse would provide the means for fintech companies, such as defendant, to provide banking services to customers. Synapse would match fintech companies with banking partners where the customer funds were actually held.

18. Evolve Bank & Trust (hereinafter "Evolve") was a banking partner of Synapse. When Synapse provided platform services to the fintech companies, it partnered with Evolve so that Evolve held the funds of fintech customers such as Defendant.

19. On or about May 11, 2024, a dispute between Synapse and Evolve led to a service outage of Defendant leaving all of its customers without access to their accounts or money.

20. During the time the system has been down, customers of Defendant, including Plaintiffs, have been unable to access their funds for basic needs and household purchases.

21. Plaintiffs remain without any access to their YOTTA Accounts.

## COUNT I-VIOLATIONS OF THE EFTA

22. Prior to May 11, 2024, Plaintiff Dina Posta, had a total of $31,888.94 in Dina's YOTTA Account.

23. Prior to May 11, 2024, Plaintiff Ryan Posta, had a total of $31,042.70 in Ryan's YOTTA Account.

24. Prior to May 11, 2024, Defendant utilized Evolve as its banking partner to act as the deposit institution where Plaintiffs' funds were supposedly held.

25. In May of 2024, Plaintiffs were notified that Evolve was no longer the banking partner of Defendant as it pertained to Plaintiffs' YOTTA Accounts.

26. In May of 2024, Plaintiffs were notified that their funds were no longer located within Evolve Bank & Trust, and the precise location of Plaintiffs' funds was unknown.

27. Prior to May 11, 2024, Defendant did not notify the Plaintiffs in writing of the above change in condition of their account which caused a lack of access to the account and use of the funds in the account in violation of 15 U.S.C. §1693c(b).

28. Beginning in June of 2024, Defendant discontinued providing monthly account statements to Plaintiffs leaving them without any knowledge of the balances that existed in their accounts and what transactions had been performed on their accounts, in violation of 15 U.S.C. §1693d(c).

29. On Plaintiff, Ryan Posta's last statement from Defendant in June of 2024, the "Ending Balance" was $31,064.84 in Ryan's YOTTA Account.

30. On Plaintiff, Dina Posta's last statement from Defendant in June of 2024, the "Ending Balance" was $31,890.11 in Dina's YOTTA Account.

31. On November 4, 2024, Plaintiff Ryan Posta was provided with on-line access to a portal provided by Evolve, the former banking partner of Defendant, that provided information on the balance that Evolve records showed existed for Plaintiff, Ryan Posta in Ryan's YOTTA Account.

32. While the information in the portal revealed that the "Synapse Ecosystem Balance" reflected Plaintiff, Ryan Posta's balance as $31,064.89, Evolve claimed to be holding only $22.19.

33. Plaintiff, Ryan Posta, was given no other information from Defendant regarding his balance or the location of his remaining funds.

34. On November 4, 2024, Plaintiff Dina Posta was provided with on-line access to a portal provided by Evolve, the former banking partner of Defendant, that provided information on the balance that Evolve showed existed for Plaintiff, Dina Posta in Dina's YOTTA Account.

35. While the information in the portal revealed that the "Synapse Ecosystem Balance" reflected Plaintiff, Dina Posta's balance as $31,890.11, Evolve claimed to be holding only $2.08.

36. Plaintiff, Dina Posta, was given no other information from Defendant regarding her balance or the location of her remaining funds.

37. On December 19, 2024, Plaintiffs provided Defendant with notice of the error on their accounts. Plaintiffs' alleged error was that the balance being identified in their accounts was not an accurate statement of their balance, in that funds were missing since the last statement provided by Defendant on the account, and Plaintiffs had not performed any transactions since that time.

38. Evolve has maintained that as part of its winding down its relationship with the Synapse companies, fintech companies (Defendant) were required to find a different banking service provider, and that Evolve transferred its end user balances to the Synapse Brokerage

providers. See https://www.getevolved.com/about/news/evolve-bank-trust-statement-on-synapse-bankruptcy/

39. On December 19, 2024, Plaintiffs provided Defendant with notice that an error was contained on their monthly accounts.

40. On December 19, 2024, Plaintiffs informed Defendant that they did not provide any person or entity with consent to debit funds from Plaintiffs' YOTTA Accounts.

41. To date, Defendant failed to conduct any investigation relative to the error complained of by Plaintiffs within ten (10) days of the receipt of Plaintiffs' disputes in violation of 15 U.S.C. §1693f(a).

42. On May 2, 2024, Defendant provided a response to Plaintiffs' disputes stating that "Evolve is using language and jargon that is confusing and making it seem as though they do not hold or have access to your full account balance. They do hold your funds and your full balance."

43. Plaintiffs' funds are not held at Evolve and Plaintiffs have no way of receiving their funds from Evolve.

44. In Defendant's response to Plaintiffs' disputes over the unauthorized transfers from their accounts, Defendant failed to advise Plaintiffs that they may request reproduction of all of the documents which the Defendant utilized in coming to its conclusion that an error did not occur, leaving Plaintiffs without the knowledge and information and the ability to get the information that explained why the transactions Plaintiffs claimed were not authorized, were ostensibly authorized, or that there was no error on their accounts in violation of 15 U.S.C. §1693f(d)

45. Defendant's investigation was not made in good faith and Defendant did not have a reasonable basis for denying the return of Plaintiffs' funds in violation of 15 U.S.C. §1693f(e)(1).

46. Defendant knowingly and willfully concluded that Plaintiffs' accounts were not in error when such a conclusion could not have been reasonably drawn from the evidence available to Defendant at the time of its investigation in violation of 15 U.S.C. §1693f(e)(2).

47. Presently, Plaintiff, Dina Posta remains without the $31,888.94 that was in Dina's YOTTA Account.

48. Presently, Plaintiff, Ryan Posta remains without the $31,042.70 that was in Ryan's YOTTA Account.

49. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered, and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiffs, DINA AND RYAN POSTA, by and through their attorneys, respectfully prays for Judgment to be entered in favor of Plaintiffs and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c. Treble damages allowable under 15 U.S.C. §1693f(e);

    d. Plaintiffs' attorneys' fees and costs; and,

    e. Any other relief deemed appropriate by this Honorable Court.

## COUNT II-VIOLATIONS OF THE ILCFA

50. Plaintiffs re-allege paragraphs 13 though 36 as though fully set forth herein.

51. The deceptive practice of the Defendant included withdrawing funds from Plaintiffs' Accounts without providing any notice of the fact that the money is getting moved and to where it is getting moved, leaving Plaintiffs with no knowledge as to where their money is located so that they can access it for use towards the purchase of regular household goods.

52. The deceptive practice of Defendant included withdrawing $31,888.94 from Dina's Account without her authorization.

53. The deceptive practice of Defendant included withdrawing $31,042.70 from Ryan's Account without his authorization.

54. The deceptive practice of Defendant included refusing to refund to Dina's Account the $31,888.94 Defendant withdrew from her Account.

55. The deceptive practice of Defendant included refusing to refund to Ryan's Account the $31,042.70 Defendant withdrew from his Account.

56. Defendant allowed Plaintiffs' funds to be moved from one bank to another, but failed to maintain any control over the location or record of any transfer, and as such, appears to have lost Plaintiffs' money.

57. Defendant misrepresented to Plaintiffs that their funds were contained at Evolve Bank & Trust in order to mislead Plaintiff's into seeking funds and recovery from Evolve Bank & Trust despite the fact that Defendant meets the definition of "financial institution" under 15 U.S.C. §1693a(9) and it is therefore Defendant's obligation to provide a refund to Plaintiff under 15 U.S.C. §§1693g and 1693f.

58. The deception of Defendant occurred in the course of conduct involving trade and/or commerce.

59. Defendant's deception proximately caused Plaintiffs' damages.

60. Defendant's actions as detailed above constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

WHEREFORE, Plaintiffs request that the court:

a. Enter judgment against Defendant for all actual, punitive and other damages to which Plaintiff is entitled,

    b.    Award attorneys' fees, litigation expenses and costs, and

    c.    Grant other relief deemed just and appropriate.

### V. JURY DEMAND

61.    Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,
**DINA AND RYAN POSTA**

By:    s/ David M. Marco
       Attorney for Plaintiffs

Dated: April 30, 2025

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
5250 Old Orchard Rd, Suite 300
Skokie, IL 60077
**Telephone:**  (312) 546-6539
**Facsimile**:  (888) 418-1277
**E-Mail**:  dmarco@smithmarco.com